UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

JANE DOE (S.F.) on her own behalf and on
behalf of all other similarly situated passengers
who sailed aboard the Symphony of the Seas
between December 1, 2023 and February 26,
2024 who used a cabin bathroom which
was within the cabins assigned to Stateroom
Attendant Arvin Joseph Mirasol,

     Plaintiff,

v.                                                                                          **CLASS ACTION**

ROYAL CARIBBEAN CRUISES LTD., and
ARVIN JOSEPH MIRASOL

     Defendants.

_____/

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

The Plaintiff hereby sues Defendants and alleges as follows:

### JURISDICTIONAL AND PRELIMINARY ALLEGATIONS

1.  The Plaintiff, JANE DOE ("S.F."), is a citizen and resident of the State of New Hampshire.

2.  Defendant, ROYAL CARIBBEAN CRUISES LTD. ("RCCL"), is a foreign entity incorporated in Liberia with its principal place of business in Florida.

3.  Defendant, ARVIN JOSEPH MIRASOL ("MIRASOL"), is a citizen of the Republic of the Philippines. MIRASOL was recently convicted by the United States for acts related to this matter and was sentenced to 30 years in prison.[1]

---

[1] *See United States v. Mirasol*, Case No. 24-cr-60046-MD (S.D. Fla. August 28, 2024) [ECF No. 35]; *see also*, https://www.justice.gov/usao-sdfl/pr/cruise-ship-employee-sentenced-30-years-prison-placing-hidden-cameras-inside-passenger.

4.  The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.  In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

5.  At all times material hereto, RCCL personally or through an agent:

   a.  Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b.  Was engaged in substantial activity within this state;

   c.  Operated vessels in the waters of this state;

   d.  Committed one or more of the acts stated in Florida Statute §§ 48.081, 48.181 and/or 48.193;

   e.  The acts of RCCL set out in this Complaint occurred in whole or in part in this county and/or state.

   f.  RCCL was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard their vessels.

6.  At all times material hereto:

   a.  MIRASOL was a crewmember aboard the cruise ship *Symphony of the Seas*;

   b.  The *Symphony of the Seas* embarked and disembarked cruise passengers in Florida for cruise vacations which began and ended in Florida;

   c.  On the subject voyage, over half of the revenue passengers originally embarked and planned to finally disembark in the State of Florida, without regard to intermediate stopovers, as contemplated by Florida Statute § 910.006;

   d.  MIRASOL committed crimes during the subject cruise aboard the *Symphony of the Seas*, which are prohibited by the criminal laws of the United States and the laws of

Florida; specifically violating 18 U.S.C. §1801 and Florida Statute §810.145, against the Plaintiff who is a national of the United States, and other passengers who are nationals of the United States.

7. Defendants are subject to the jurisdiction of the Courts of this state.

8. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

9. At all times material hereto, RCCL owned, operated, managed, maintained and/or controlled the vessel, the *Symphony of the Seas* (the "vessel").

10. At all times material hereto, RCCL employed and controlled MIRASOL as a crewmember assigned as a stateroom attendant aboard the vessel.

11. At all times material hereto, MIRASOL was a member of the crew working as a stateroom attendant aboard the vessel and was acting in the course and scope of his employment.

12. On or about February 25, 2024, the Plaintiff was a paying passenger aboard the vessel, which was in navigable waters.

13. At all times material hereto, MIRASOL was assigned by RCCL to serve as stateroom attendant for the Plaintiff's cabin.  MIRASOL had access to Plaintiff's cabin solely by means provided to him by RCCL through providing MIRASOL a key card pass to Plaintiff's room to be used in the course and scope of MIRASOL'S duties as a stateroom attendant.  As such, when MIRASOL accessed passenger cabins, including Plaintiff's passenger cabin, it was in the course and scope of his duties as a stateroom attendant employed and subject to control by RCCL.

14. At all times material hereto, Plaintiff had an expectation of privacy in her passenger cabin and passenger cabin bathroom.

## Subject Incidents

15. During the subject cruise, MIRASOL taped a video camera containing a memory card in the Plaintiff's passenger cabin bathroom and captured images of the Plaintiff while undressed and engaging in private activities, without Plaintiff's prior knowledge or consent.

16. Upon information and belief, MIRASOL transmitted and/or uploaded images of the Plaintiff while undressed and engaging in private activities, to third parties and/or to the world wide web, including, but not limited to, the dark web, without Plaintiff's prior knowledge or consent.

17. As a result of MIRASOL'S actions, Plaintiff reasonably believes that images of Plaintiff undressed while engaging in private activities have been distributed in a manner to allow them to be able to be immediately reproduced and posted to the world wide web, including the dark web. As a result of MIRASOL'S acts and Plaintiff's reasonable beliefs as a result of MIRASOL'S acts, Plaintiff suffers from severe emotional distress, which manifests physically, causing the Plaintiff physical sickness, sweating, nausea, insomnia, dizziness, crying, and physical pain, thereby causing physical impact to the Plaintiff.  The Plaintiff reasonably believes that these images may never be completely discovered by the Plaintiff, not for lack of searching, but as a consequence of the vastness of the world wide web; it would be the digital equivalent of searching for specific shards of glass in the ocean.  And, if Plaintiff found the images, Plaintiff could neither permanently extract them from the world wide web, nor could Plaintiff be sure that Plaintiff found all of the images.  Accordingly, Plaintiff lives in a constant fear, reasonably under the circumstances, that images of the Plaintiff undressed while engaging in private activities are regularly viewed by others and used for illicit purposes.

## RCCL's Notice of Sexual Assaults and Video Voyeurism Activities on its Cruise Ships

18. At all times material hereto, RCCL knew or should have known sexual assaults were reasonably foreseeable considering the prevalence of sexual assaults aboard RCCL's cruise ships. Pursuant to the Secretary of Transportation's statistical compilation of shipboard incidents, there were a total of 26 sexual assaults and rapes reported during RCCL cruises in 2023; and 22 sexual assaults reported during RCCL cruises in 2022.  These shipboard incidents are (required to be) reported by RCCL directly to the Secretary of Transportation and/or the Federal Bureau of Investigation (pursuant to the Cruise Vessel Security and Safety Act of 2010).[2]

19. Additionally, the Eleventh Circuit Court of Appeal previously referenced the required reporting of RCCL's sexual assaults to the Secretary of Transportation and/or the Federal Bureau of Investigation and acknowledged "that Royal Caribbean was on notice a decade before [plaintiff's] cruise that sexual assaults on cruise ships were a serious problem." *K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041, 1049 (11th Cir. 2019) (citing *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204 (11th Cir. 2011)).

20. The overall data concerning sexual assaults aboard cruise ships reported to the Secretary of Transportation and/or the Federal Bureau of Investigation show that sexual assault allegations on cruise ships rose in 2023, with 131 sex crimes reported to the Federal Bureau of Investigation in 2023 on ships embarking and disembarking in the United States, up from 87 in 2022 and 101 in 2019, before the COVID-19 pandemic shut the cruise industry down until mid-2021.[3]

21. Furthermore, from April 30, 2023 through May 1, 2023, a hidden Wi-Fi camera was surreptitiously installed in a public bathroom on the top deck of RCCL's cruise ship, *Harmony of the Seas*, during a cruise which left Miami on April 29, 2023.  That hidden camera recorded more

---

[2] See https://www.transportation.gov/mission/safety/cruise-line-incident-reports
[3] See, <u>Sexual assaults rose on cruise ships last year, according to federal data</u>, USA Today, Jan. 31, 2024, Nathan Diller.

than 150 people using the Royal Caribbean bathroom, including at least 40 minor children, in various stages of undress, until the hidden camera was discovered by a passenger on May 1, 2023 at 7:00PM and reported to the ship's security aboard the *Harmony of the Seas*.[4]

22. Accordingly, at all times material hereto, RCCL was aware of prior instances of sexual assaults, including video voyeurism occurring aboard RCCL cruise ships in the immediate year prior to the subject incident.  Yet RCCL failed to take adequate steps and/or provide adequate security and/or training and/or supervision to prevent such sexual assaults, including video voyeurism, to occur aboard its cruise ships.  Furthermore, RCCL failed to warn its passengers of sexual assaults, including video voyeurism, occurring aboard its cruise ships.  RCCL's motive for failing to warn its passengers is financial in nature; that is, RCCL willfully chooses not to warn its passengers about sexual assaults, including video voyeurism, aboard its cruise ships so as not to scare any prospective passengers away. And RCCL willfully chooses not to fortify its onboard security detail so as to thwart sexual assaults, including video voyeurism, aboard its cruise ships, because to do so would require RCCL to increase security spending and to divert berths reserved for passengers to accommodate additional security aboard its ships, thereby reducing revenue and profits.  Such willful and outrageous conduct on the part of the Defendant exposes Defendant to punitive damages. *See Lobegeiger v. Celebrity Cruises, Inc.*, 11-21620, 2011 WL 3703329, 2011 U.S. Dist. LEXIS 93933 (S.D. Fla Aug. 23, 2011).

**Admissions by MIRASOL following arrest and Miranda warnings**

23. Mirasol's hidden camera was discovered in the Plaintiff's cabin bathroom on February 26, 2024.

---

[4] See, Man Arrested for Placing Hidden Camera in Royal Caribbean Cruise Ship's Public Bathroom: FBI, NBC Miami, May 10, 2023, Brian Hamacher and Niko Clemmons.  See also, USA v. Froias, Case No. 23-cr-00190-FAB, U.S. District Court for Puerto Rico; Document 2-1.

24. On March 3, 2024, the vessel arrived into Port Everglades and Homeland Security Agents and Customs and Border Patrol Officers boarded the vessel and took custody of MIRASOL'S electronic devices including: an Android cellular device (IMEI 015734006047846), one Sandisk Micro SD Card, one Transcend 8 GB, one camera, one Sandisk USB Stick and one Apple watch (SN number G99T34E2KDH2).[5]

25. During examination of MIRASOL'S USB Stick device, law enforcement discovered numerous videos of naked females undressing the bathroom as well as videos of child pornography.[6]

26. During a post Miranda interview, MIRASOL admitted to taping a video camera in the guests' bathrooms that he worked as a stateroom attendant.  MIRASOL explained that he would place his camera in the bathroom, and he would "pleasure himself and masturbate" after retrieving the camera and viewing the videos.  MIRASOL revealed that he has been placing these cameras in the bathrooms since he started working on *Symphony of the Seas* around December 2023. MIRASOL also stated that while the guests were taking a shower, he would enter the rooms and hide under the bed while recording them naked with his cellular device.[7]

**Allegations Regarding the Class of Passengers Assigned To Mirasol's Cabins between December 1, 2023 and February 26, 2024**

27. From December 1, 2023 through February 26, 2024, RCCL operated cruises embarking on the following dates aboard the *Symphony of the Seas*:

a.   December 2, 2023;

---

[5] *See United States v. Mirasol*, Case No. 24-cr-60046-MD (S.D. Fla. June 5, 2024) [ECF No. 23].
[6] Id.
[7] Id.

b.  December 10, 2023;

c.  December 16, 2023;

d.  December 24, 2023;

e.  December 30, 2023;

f.  January 7, 2024;

g.  January 13, 2024;

h.  January 21, 2024;

i.  January 27, 2024;

j.  February 4, 2024;

k.  February 10, 2024; and

l.  February 18, 2024.

28. Thus, for approximately 12 cruises, MIRASOL committed sexual assault through video voyeurism to passengers assigned to passenger cabins for which MIRASOL served as stateroom attendant.

29. Upon information and belief, a RCCL stateroom attendant is assigned to a section of 16 to 20 passenger cabins.

30. Upon information and belief, the passenger cabins attended to by MIRASOL aboard the *Symphony of the Seas* slept between 2 to 4 passengers.

31. Thus, MIRASOL'S victims may include up to 960 passengers (up to 12 cruises; times up to 20 passenger cabins; times up to 4 passengers per cabin; equals up to 960 passengers).

32. Upon learning of MIRASOL'S acts of sexual assault through video voyeurism on passengers in the staterooms he attended to as a stateroom attendant since December 1, 2023,

RCCL had a duty to inform all passengers who stayed in passenger cabins attended to by MIRASOL between December 1, 2023 and February 26, 2024.

33. RCCL breached its duty of reasonable care to its passengers by failing to notify all passengers in the staterooms MIRASOL attended to as a stateroom attendant from December 2023 through February 26, 2024.

34. RCCL's motive for failing to notify its passengers affected by MIRASOL'S acts was financial in nature. RCCL was concealing the information from its passengers in order to prevent them from filing a civil suit against RCCL for damages related to MIRASOL'S acts.

   a.  Notably, RCCL's contractually-shortened notice period and statute of limitations (as opposed to the Federal Statute of Limitations for Maritime Personal Injury of 3 years pursuant to 46 U.S.C. §30106).

35. MIRASOL's intentional acts described herein and admitted by MIRASOL as occurring within cabins he served as a stateroom attendant aboard the vessel between December 2023 and February 26, 2024 are sexual assaults and sexual harassment that MIRASOL committed on passengers staying in and/or using the cabin bathrooms to which MIRASOL served as a stateroom attendant aboard the vessel between December 2023 and February 26, 2024.

36. 9 U.S.C. §402(a) provides, at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute, or the named representative of a class or in a collective action alleging such conduct, no predispute arbitration agreement or predispute joint-action waiver shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute.

## CLASS ACTION ALLEGATIONS

37. At all times material hereto, Plaintiffs, the Class Representative and Class Members herein, were passengers aboard Royal Caribbean's vessel, *Symphony of the Seas*, between December 1, 2023 and February 26, 2024 and who stayed in cabins aboard the vessel which were serviced by MIRASOL as Stateroom Attendant.

38. This action is brought by Plaintiff on her own behalf, and on behalf of all others similarly situated, under the provisions of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

39. The class so represented by the Plaintiff in this action, and of which Plaintiff is a member, consists of passengers aboard Royal Caribbean's vessel, *Symphony of the Seas*, between December 1, 2023 and February 26, 2024 and who stayed in cabins aboard the vessel which were serviced by MIRASOL as Stateroom Attendant, who were subjected to the sexual assault and sexual harassment by MIRASOL while he was employed by RCCL and a member of RCCL's crew, as outlined above.

40. This class of passengers reasonably believe that images of them undressed while engaging in private activities have been distributed in a manner to allow them to be able to be immediately reproduced and posted to the world wide web, including the dark web.  As a result of MIRASOL'S acts and the class of passengers' reasonable beliefs as a result of MIRASOL'S acts, the class of passengers suffer from severe emotional distress, which manifests physically, causing them physical sickness, sweating, nausea, insomnia, dizziness, crying, and physical pain, thereby causing physical impact to the passengers.  The class of passengers reasonably believe that these images may never be completely discovered by them, not for lack of searching, but as a consequence of the vastness of the world wide web; it would be the digital equivalent of searching for specific shards of glass in the ocean.  And, if any members of the class found the images of themselves, they could neither permanently extract them from the world wide web, nor could they

be sure that they found all of the images.  Accordingly, the members of the class live in constant fear, reasonably under the circumstances, that images of them undressed while engaging in private activities are regularly viewed by others and used for illicit purposes.

41. The exact number of members of the class is anticipated to be up to 960 passengers as described in paragraph 31. The class is so numerous that joinder at this anticipated amount of all members is impracticable. Thus, this action satisfies the requirements of Rule 23(a)(1).

42. There are common questions of law and fact that relate to and effect the rights of each member of the class and the relief sought is common to the entire class. The same misconduct on the part of Defendants, MIRASOL and RCCL, caused the same or similar injury to each class member.  All class members seek damages under Federal Law and U.S. General Maritime Law. Accordingly, this action satisfies the requirement of Rule 23(a)(2).

43. The claims of the Plaintiff are typical of the claims of the class, in that the claims of all members of the class, including the named Plaintiff, depend upon a virtually identical showing of the acts and omissions of Defendants, MIRASOL and RCCL, giving rise to the right of Plaintiff to the relief sought herein. Defendants, MIRASOL and RCCL, were at all times material hereto engaged in the same conduct to the detriment of the entire class of Plaintiffs. Accordingly, this action satisfies the requirements of Rule 23(a)(3).

44. Plaintiff is the representative party for the class, and is able to, and will, fairly and adequately protect the interests of the class. There is no conflict between Plaintiff and other members of the class with respect to this action, or with respect to the claims for relief herein. The attorneys for Plaintiff are among the most experienced and capable in the field of maritime claims for cruise ship passenger injuries, including class actions, and have successfully represented claimants in other litigation relating to sexual assault and sexual harassment of cruise passengers

by crewmembers. Three of the attorneys designated as counsel for Plaintiffs, Jason R. Margulies (who is Board Certified by the Florida Bar in Admiralty and Maritime Law), Michael A. Winkleman, and Jacqueline Garcell, will actively conduct and be responsible for Plaintiff's case herein. Accordingly, this action satisfies the requirement of Rule 23(a)(4).

45. This action is properly maintained as a class action under Rule 23(b)(3) inasmuch as questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to the other available methods for the fair and efficient adjudication of this controversy.  In support of the foregoing, Plaintiffs allege that common issues predominate and can be determined on a class-wide basis regarding Defendant, MIRASOL's intentional torts against the class action Plaintiffs and RCCL's vicarious liability for MIRASOL's intentional torts against the class action Plaintiffs, as well as RCCL's failure to exercise reasonable care under the circumstances toward the class action Plaintiffs while aboard the vessel in connection with the threats of sexual assault and sexual harassment through video voyeurism of the class action Plaintiffs while in various states of undress and performing private intimate activities in the reasonably expected privacy of their cabin bathrooms aboard the vessel.

46. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because RCCL has failed to notify the individual class Plaintiffs of MIRASOL's acts subsequent to RCCL's direct knowledge of MIRASOL's acts, arrest, and admission of the fact that MIRASOL engaged in these acts since December 2023 aboard the vessel in passenger cabins that he was assigned as Stateroom Attendant by RCCL.  Further, upon information and belief, RCCL is in sole and exclusive custody of the passenger manifests to show the identity of the passengers who were assigned to cabins serviced by MIRASOL aboard the

vessel between December 2023 and February 26, 2024.  Thus, it is unlikely that individual plaintiffs not notified by RCCL would assume the burden and the cost of this complex litigation, and Plaintiffs are not aware of any class members who are interested in individually controlling the prosecution of a separate action. The interests of justice will be served by resolving the common disputes of the class members with Defendants, MIRASOL and RCCL, in a single forum, and individual actions by class members, many of whom are citizens of different states would not be cost effective. The class consists of a finite and identifiable number of individuals which will make the matter manageable as a class action.

### COUNT I – INVASION OF PRIVACY BY VIDEO VOYEURISM AND SEXUAL ASSAULT AGAINST MIRASOL

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through forty-six (46) as though alleged originally herein.

47. During the subject cruises, RCCL assigned Plaintiff and all others similarly situated a passenger cabin during the subject cruise, which was a private quarter for the Plaintiff's use.

48. During the subject cruise, MIRASOL intentionally and surreptitiously hid a camera in the cabin bathroom of the Plaintiff's and all others similarly situated assigned passenger cabin during the subject cruise, while working as a stateroom attendant, for the purpose of capturing images of the Plaintiff and all others similarly situated undressed and engaging in private activities in the cabin bathroom, for his own use and/or to distribute and upload to the world wide web.

49. During the subject cruise, while Plaintiff and all others similarly situated were taking a shower, MIRASOL entered the Plaintiff's and all others similarly situated passenger cabin and hid under a bed and recorded Plaintiff and all others similarly situated with his cellular device, for the purpose of capturing images of the Plaintiff and all others similarly situated undressed and

engaging in private activities in the cabin bathroom, for his own use and/or to distribute and upload to the world wide web.

50. At all times material hereto, MIRASOL'S intrusions into Plaintiff's and all others similarly situated privacy were highly offensive to Plaintiff and all others similarly situated and to reasonable persons.

51. As a direct and proximate result of the tortious actions of MIRASOL, the Plaintiff and all others similarly situated were injured about Plaintiff's and all others similarly situated bodies, suffered physical pain, mental anguish, loss of enjoyment of life, post-traumatic stress disorder, and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's and all others similarly situated injuries, suffered handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent and continuing in nature and Plaintiff and all others similarly situated will suffer the losses and impairments in the future.  In addition, the Plaintiff and all others similarly situated lost related costs and damages incident to their cruise.

WHEREFORE, the Plaintiff and all others similarly situated demand judgment for all damages recoverable under the law, including punitive damages, and demand trial by jury.

### COUNT II – VICARIOUS STRICT LIABILITY FOR INVASION OF PRIVACY BY VIDEO VOYEURISM AND SEXUAL ASSAULT AGAINST RCCL

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through forty-six (46) as though alleged originally herein.

52. During the subject cruise, RCCL assigned Plaintiff and all those similarly situated a passenger cabin during the subject cruise, which was a private quarter for the Plaintiff's and all others similarly situated use.

53. During the subject cruise, MIRASOL intentionally and surreptitiously hid a camera in the cabin bathroom of the Plaintiff's and all others similarly situated assigned passenger cabin during the subject cruise, while working as a stateroom attendant, for the purpose of capturing images of the Plaintiff and all others similarly situated undressed and engaging in private activities in the cabin bathroom, for his own use and/or to distribute and upload to the world wide web.

54. During the subject cruise, while Plaintiff and all others similarly situated was taking a shower, MIRASOL entered the Plaintiff's passenger cabin and hid under a bed and recorded Plaintiff and all others similarly situated with his cellular device, for the purpose of capturing images of the Plaintiff and all others similarly situated undressed and engaging in private activities in the cabin bathroom, for his own use and/or to distribute and upload to the world wide web.

55. At all times material hereto, MIRASOL'S intrusions into Plaintiff's and all others similarly situated privacy were highly offensive to Plaintiff and all others similarly situated and to reasonable persons.

56. At all times material hereto, MIRASOL was hired, retained and/or employed by RCCL

57. At all times material hereto, MIRASOL was a member of the crew aboard the vessel owned and/or operated by RCCL.

58. At all times material hereto, RCCL was vicariously liable for the intentional tortious actions of its crewmembers/employees, including MIRASOL.

59. As a direct and proximate result of the tortious actions of MIRASOL, for which RCCL is vicariously liable, the Plaintiff and all others similarly situated were injured about Plaintiff's and all others similarly situated bodies, suffered physical pain, mental anguish, loss of enjoyment of life, post-traumatic stress disorder, and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of

Plaintiff's and all others similarly situated injuries, suffered handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent and continuing in nature and Plaintiff and all others similarly situated will suffer the losses and impairments in the future.  In addition, the Plaintiff and all others similarly situated lost related costs and damages incident to their cruise.

WHEREFORE, the Plaintiff and all others similarly situated demand judgment for all damages recoverable under the law, including punitive damages, and demand trial by jury.

**COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY VIDEO VOYEURISM AND SEXUAL ASSAULT AGAINST MIRASOL**

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through forty-six (46) as though alleged originally herein.

60. During the subject cruise, RCCL assigned Plaintiff and all others similarly situated a passenger cabin during the subject cruise, which was a private quarter for the Plaintiff's and all others similarly situated use.

61. During the subject cruise, MIRASOL intentionally and surreptitiously hid a camera in the cabin bathroom of the Plaintiff's and all others similarly situated assigned passenger cabin during the subject cruise, while working as a stateroom attendant, for the purpose of capturing images of the Plaintiff and all others similarly situated undressed and engaging in private activities in the cabin bathroom, for his own use and/or to distribute and upload to the world wide web.

62. During the subject cruise, while Plaintiff and all others similarly situated was taking a shower, MIRASOL entered the Plaintiff's and all others similarly situated passenger cabin and hid under a bed and recorded Plaintiff and all others similarly situated with his cellular device, for the purpose of capturing images of the Plaintiff and all others similarly situated undressed and

engaging in private activities in the cabin bathroom, for his own use and/or to distribute and upload to the world wide web.

63. At all times material hereto, MIRASOL'S intrusions into Plaintiff's and all others similarly situated privacy were extreme and outrageous.

64. At all times material hereto, MIRASOL'S intrusions into Plaintiff's and all others similarly situated privacy were committed intentionally and/or with a reckless disregard for the probability of causing Plaintiff and all others similarly situated emotional distress.

65. MIRASOL'S intentional extreme and outrageous conduct toward Plaintiff and all others similarly situated, once discovered by Plaintiff and all others similarly situated, caused severe emotional distress to the Plaintiff and all others similarly situated, which manifested itself physically, causing the Plaintiff and all others similarly situated physical sickness, sweating, nausea, insomnia, dizziness, crying, and physical pain, thereby causing physical impact to the Plaintiff and all others similarly situated.

66. As a direct and proximate result of the intentional infliction of emotional distress by MIRASOL, the Plaintiff and all others similarly situated were injured about Plaintiff's and all others similarly situated body, suffered physical pain, mental anguish, loss of enjoyment of life, post-traumatic stress disorder, and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's and all others similarly situated injuries, suffered handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent and continuing in nature and Plaintiff and all others similarly situated will suffer the losses and impairments in the future.  In addition, the Plaintiff lost related costs and damages incident to their cruise.

WHEREFORE, the Plaintiff and all others similarly situated demands judgment for all damages recoverable under the law, including punitive damages, and demands trial by jury.

## COUNT IV – VICARIOUS STRICT LIABILITY FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY VIDEO VOYEURISM AND SEXUAL ASSAULT AGAINST RCCL

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through forty-six (46) as though alleged originally herein.

67. During the subject cruise, RCCL assigned Plaintiff and all others similarly situated a passenger cabin during the subject cruise, which was a private quarter for the Plaintiff's and all others similarly situated use.

68. During the subject cruise, MIRASOL intentionally and surreptitiously hid a camera in the cabin bathroom of the Plaintiff's and all others similarly situated assigned passenger cabin during the subject cruise, while working as a stateroom attendant, for the purpose of capturing images of the Plaintiff and all others similarly situated undressed and engaging in private activities in the cabin bathroom, for his own use and/or to distribute and upload to the world wide web.

69. During the subject cruise, while Plaintiff and all others similarly situated was taking a shower, MIRASOL entered the Plaintiff's and all others similarly situated passenger cabin and hid under a bed and recorded Plaintiff and all others similarly situated with his cellular device, for the purpose of capturing images of the Plaintiff and all others similarly situated undressed and engaging in private activities in the cabin bathroom, for his own use and/or to distribute and upload to the world wide web.

70. At all times material hereto, MIRASOL'S intrusions into Plaintiff's and all others similarly situated privacy were extreme and outrageous.

71. At all times material hereto, MIRASOL'S intrusions into Plaintiff's and all others similarly situated privacy were committed intentionally and/or with a reckless disregard for the probability of causing Plaintiff and all others similarly situated emotional distress.

72. MIRASOL'S intentional extreme and outrageous conduct toward Plaintiff and all others similarly situated, once discovered by Plaintiff and all others similarly situated, caused severe emotional distress to the Plaintiff and all others similarly situated, which manifested itself physically, causing the Plaintiff and all others similarly situated physical sickness, sweating, nausea, insomnia, dizziness, crying, and physical pain, thereby causing physical impact to the Plaintiff and all others similarly situated.

73. At all times material hereto, MIRASOL was hired, retained and/or employed by RCCL

74. At all times material hereto, MIRASOL was a member of the crew aboard the vessel owned and/or operated by RCCL.

75. At all times material hereto, RCCL was vicariously liable for the intentional tortious actions of its crewmembers/employees, including MIRASOL.

76. As a direct and proximate result of the intentional infliction of emotional distress by MIRASOL, for which RCCL is vicariously liable, the Plaintiff and all others similarly situated were injured about Plaintiff's and all others similarly situated bodies, suffered physical pain, mental anguish, loss of enjoyment of life, post-traumatic stress disorder, and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's and all others similarly situated injuries, suffered handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent and continuing in nature and Plaintiff and all others similarly situated will suffer the losses and

impairments in the future.  In addition, the Plaintiff and all others similarly situated lost related costs and damages incident to their cruise.

WHEREFORE, the Plaintiff and all others similarly situated demand judgment for all damages recoverable under the law, including punitive damages, and demand trial by.

### COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BY VIDEO VOYEURISM AND SEXUAL ASSAULT AGAINST MIRASOL

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through forty-six (46) as though alleged originally herein.

77. During the subject cruise, RCCL assigned Plaintiff and all others similarly situated a passenger cabin during the subject cruise, which was a private quarter for the Plaintiff's and all others similarly situated use.

78. During the subject cruise, MIRASOL intentionally and surreptitiously hid a camera in the cabin bathroom of the Plaintiff's assigned passenger cabin during the subject cruise, while working as a stateroom attendant, for the purpose of capturing images of the Plaintiff and all others similarly situated undressed and engaging in private activities in the cabin bathroom, for his own use and/or to distribute and upload to the world wide web.

79. During the subject cruise, while Plaintiff and all others similarly situated was taking a shower, MIRASOL entered the Plaintiff's and all others similarly situated passenger cabin and hid under a bed and recorded Plaintiff and all others similarly situated with his cellular device, for the purpose of capturing images of the Plaintiff and all others similarly situated undressed and engaging in private activities in the cabin bathroom, for his own use and/or to distribute and upload to the world wide web.

80. At all times material hereto, MIRASOL'S intrusions into Plaintiff's and all others similarly situated privacy were committed negligently and/or with a failure to exercise reasonable care for the Plaintiff and all others similarly situated.

81. MIRASOL'S aforementioned acts, once discovered by Plaintiff and all others similarly situated, caused severe emotional distress to the Plaintiff and all others similarly situated, which manifested itself physically, causing the Plaintiff and all others similarly situated physical sickness, sweating, nausea, insomnia, dizziness, crying, and physical pain, thereby causing physical impact to the Plaintiff and all others similarly situated.

82. As a direct and proximate result of the negligent infliction of emotional distress by MIRASOL, the Plaintiff and all others similarly situated was injured about Plaintiff's and all others similarly situated bodies, suffered physical pain, mental anguish, loss of enjoyment of life, post-traumatic stress disorder, and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's and all others similarly situated injuries, suffered handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent and continuing in nature and Plaintiff and all others similarly situated will suffer the losses and impairments in the future.  In addition, the Plaintiff and all others similarly situated lost related costs and damages incident to their cruise.

WHEREFORE, the Plaintiff and all others similarly situated demand judgment for all damages recoverable under the law, including punitive damages, and demand trial by jury.


**COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BY VIDEO VOYEURISM AND SEXUAL ASSAULT AGAINST RCCL**

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through forty-six (46) as though alleged originally herein.

83. During the subject cruise, RCCL assigned Plaintiff and all others similarly situated a passenger cabin during the subject cruise, which was a private quarter for the Plaintiff's and all others similarly situated use.

84. During the subject cruise, MIRASOL negligently intentionally and surreptitiously hid a camera in the cabin bathroom of the Plaintiff's and all others similarly situated assigned passenger cabin during the subject cruise, while working as a stateroom attendant, for the purpose of capturing images of the Plaintiff and all others similarly situated undressed and engaging in private activities in the cabin bathroom, for his own use and/or to distribute and upload to the world wide web.

85. During the subject cruise, while Plaintiff and all others similarly situated was taking a shower, MIRASOL entered the Plaintiff's passenger cabin and hid under a bed and recorded Plaintiff and all others similarly situated with his cellular device, for the purpose of capturing images of the Plaintiff and all others similarly situated undressed and engaging in private activities in the cabin bathroom, for his own use and/or to distribute and upload to the world wide web.

86. At all times material hereto, MIRASOL'S intrusions into Plaintiff's and all others similarly situated privacy were committed negligently and/or with a failure to exercise reasonable care for the Plaintiff and all others similarly situated.

87. MIRASOL'S aforementioned acts, once discovered by Plaintiff and all others similarly situated, caused severe emotional distress to the Plaintiff and all others similarly situated, which manifested itself physically, causing the Plaintiff and all others similarly situated physical sickness, sweating, nausea, insomnia, dizziness, crying, and physical pain, thereby causing physical impact to the Plaintiff and all others similarly situated.

88. At all times material hereto, MIRASOL was hired, retained and/or employed by RCCL

89. At all times material hereto, MIRASOL was a member of the crew aboard the vessel owned and/or operated by RCCL.

90. At all times material hereto, RCCL acted negligently and its negligence permitted MIRASOL to perform the aforementioned acts, through RCCL's failure to:

    a. Adequately vet and investigate MIRASOL before hiring MIRASOL;

    b. Adequately train MIRASOL;

    c. Adequately supervise MIRASOL;

    d. Adequately inspect Plaintiff's and all others similarly situated cabins;

    e. Adequately inspect and screen for cameras and other electronic devices which may be mounted to walls and/or fixtures and used to surreptitiously capture images of passengers without their prior knowledge and consent;

    f. Utilize a hidden camera detector[8] to search passenger cabins;

    g. Make hidden camera detectors available to passengers to search passenger cabins after warning passengers of RCCL's prior incident(s) involving sexual assaults, including hidden cameras;

    h. Provide adequate security aboard the vessel;

    i. Adequately train security aboard the vessel;

    j. Promulgate and enforce adequate policies and procedures to prevent video voyeurism aboard the vessel;

    k. Promulgate and enforce adequate policies and procedures to inspect passenger cabins for hidden cameras, as both a preventative measure to deter the placement of hidden

---

[8] Hidden camera detectors are readily available commercially and can cost less than Fifty Dollars. See, e.g. https://www.amazon.com/RAVIAD-Detectors-Listening-Electronic-Sensitivity/dp/B0DHTRJFZ1?th=1

cameras in passenger cabins; as well as a protective measure to discover hidden cameras placed in passenger cabins;

l.  Promulgate and enforce adequate policies and procedures to inspect crew cabins for contraband, including cameras which can be hidden in passenger cabins and illicit digital images on digital media and memory physically located in crew cabins;

m.  Promulgate and enforce adequate policies and procedures with regard to conducting adequate interviews, assessments, background checks, peer reviews, investigations, confirmation of recommendations, and other enhanced vetting of employee crewmembers with direct access to passenger cabins.

91. As a direct and proximate result of the negligent infliction of emotional distress by RCCL, the Plaintiff and all others similarly situated was injured about Plaintiff's and all others similarly situated body, suffered physical pain, mental anguish, loss of enjoyment of life, post-traumatic stress disorder, and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's and all others similarly situated injuries, suffered handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent and continuing in nature and Plaintiff and all others similarly situated will suffer the losses and impairments in the future.  In addition, the Plaintiff and all others similarly situated lost related costs and damages incident to their cruise.

WHEREFORE, the Plaintiff and all others similarly situated demand judgment for all damages recoverable under the law, including punitive damages, and demand trial by jury.


**COUNT VII – NEGLIGENT SECURITY AGAINST RCCL**

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through forty-six (46) as though alleged originally herein.

92. At all times material hereto, it was the duty of RCCL to provide the Plaintiff and all others similarly situated with reasonable care under the circumstances while Plaintiff and all others similarly situated were passengers aboard the vessel.

93. At all times material hereto, it was the duty of RCCL to provide reasonable security and/or implement reasonable security measures aboard the vessel.

94. At all times material hereto, RCCL voluntarily undertook and/or assumed the duty of security by retaining crewmembers to serve as security officers about the vessel and/or advertising its onboard security.  For instance, as the Eleventh Circuit recognized in the case of *K.T.*, Defendant "assures all who are thinking of sailing with it that 'the safety and security of our guests and crew is our highest priority and fundamental to our operations.'[9] It boasts that it 'is committed to preventing illegal activity,' and '[d]uring each voyage, we remain dedicated to safeguarding our guests and crew.'[10] And it promises that the ship's Captain 'will take appropriate action to ensure the safety, security and wellbeing of our guests.'"[11] *K.T.*, 931 F.3d at 1047.

95. During the subject cruise, RCCL and/or its agents, servants and/or employees breached its duty to the Plaintiff and all others similarly situated through its failure to:

---

[9] *Safety & Security*, Royal Caribbean Cruises, https://www.royalcaribbean.com/resources/safety-and-security (last visited July 27, 2020).
[10] Id.
[11]    *Royal    Caribbean    Guest    Conduct    Policy*,    Royal    Caribbean    Cruises, https://www.royalcaribbean.com/content/dam/royal/resources/pdf/guest-conduct-policy.pdf  (last updated Nov. 12, 2018).

a. Provide adequate supervision and/or security aboard the vessel, including, but not limited to, supervising stateroom attendants and/or inspecting passenger cabins for hidden cameras;

b. Provide adequate supervision and/or security to protect passengers aboard the vessel;

c. Provide adequate supervision and/or security presence aboard the vessel and/or perform random surprise inspections of passenger cabins following stateroom attendants' work in passenger cabins, so as to deter video voyeurism aboard the vessel;

d. Adequately supervise individuals working aboard the vessel to ensure they do not engage in video voyeurism aboard the vessel;

e. Adequately inspect crew cabins aboard the vessel for contraband, including cameras, which can be hidden in passenger cabins and illicit digital images on digital media and memory physically located in crew cabins;

f. Utilize a hidden camera detector to search passenger cabins;

g. Make hidden camera detectors available to passengers to search passenger cabins after warning passengers of RCCL's prior incident(s) involving sexual assaults, including hidden cameras;

h. Maintain and/or monitor security cameras on the vessel in order to identify potentially dangerous situations, incidents, and/or contraband being brought into passenger cabins, such as a camera which can be mounted to a wall or fixture;

i. Promulgate and enforce adequate policies and procedures to prevent video voyeurism aboard the vessel;

j. Promulgate and enforce adequate policies and procedures to inspect passenger cabins for hidden cameras, as both a preventative measure to deter the placement of hidden

cameras in passenger cabins; as well as a protective measure to discover hidden cameras placed in passenger cabins;

k. Promulgate and enforce adequate policies and procedures to inspect crew cabins for contraband, including cameras which can be hidden in passenger cabins and illicit digital images on digital media and memory physically located in crew cabins;

l. Promulgate and enforce adequate policies and procedures with regard to conducting adequate interviews, assessments, background checks, peer reviews, investigations, confirmation of recommendations, and other enhanced vetting of employee crewmembers with direct access to passenger cabins;

m. Failure to have adequate security aboard the vessel in terms of numbers and/or training and/or experience;

n. Failure to adequately train security;

o. Failure to adequately supervise security.

96. The above acts and/or omissions caused and/or contributed to the subject incident because, had RCCL provided reasonable security and/or implemented reasonable security measures consistent with the foregoing, MIRASOL would not have been able to engage in an ongoing scheme to hide cameras in the cabin bathrooms of the passenger cabins for which he served as a stateroom attendant for months, including the Plaintiff's and all others similarly situated cabins on the subject cruises.

97. At all times material hereto, RCCL knew or should have known of the foregoing conditions and conduct resulting in the subject video voyeurism of the Plaintiff and all others similarly situated and did not correct them, or the conditions and conduct existed for a sufficient length of time so that RCCL, in the exercise of reasonable care under the circumstances, should have learned

of them and corrected them.  This knowledge was or should have been acquired through prior incidents of sexual assault and video voyeurism aboard RCCL's cruise ships, which did or should have revealed that further instances of sexual assault, including video voyeurism, was reasonably foreseeable, including, but not limited to, the allegations contained in paragraphs 18-22.  In addition, RCCL was on notice and/or created the dangerous conditions by the lack of warnings and/or supervision and/or security and/or training.

98. As a direct and proximate result of RCCL's negligence, the Plaintiff and all others similarly situated were injured about Plaintiff's and all others similarly situated bodies, suffered physical pain, mental anguish, loss of enjoyment of life, post-traumatic stress disorder, and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's and all others similarly situated injuries, suffered handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent and continuing in nature and Plaintiff and all others similarly situated will suffer the losses and impairments in the future.  In addition, the Plaintiff and all others similarly situated lost related costs and damages incident to their cruise.

WHEREFORE, the Plaintiff and all others similarly situated demand judgment for all damages recoverable under the law, including punitive damages, and demand trial by jury.

### COUNT VIII – GENERAL NEGLIGENCE AGAINST RCCL

The Plaintiff realleges, incorporates by reference, and adopts the allegations set forth in paragraphs one (1) through forty-six (46) as though alleged originally herein.

99. At all times material hereto, it was the duty of RCCL to provide the Plaintiff and all others similarly situated with reasonable care under the circumstances while Plaintiff and all others similarly situated was a passenger aboard the vessel.

100.      During the subject cruise, Defendant, its agents and/or employees, breached its duty to exercise reasonable care, through its failure to:

a. Provide reasonably safe conditions for the Plaintiff and all others similarly situated during the voyage aboard the vessel (reasonably safe conditions include, but are not limited to, preventing an atmosphere wherein persons could target and/or sexually assault passengers, including but not limited to, hiding cameras in passenger staterooms);

b. Promulgate and/or enforce adequate policies and/or procedures designed to prevent individuals working aboard the vessel from being able to bring cameras into passenger staterooms so that they can be hidden;

c. Adequately train individuals working aboard the vessel;

d. Adequately supervise individuals working aboard the vessel;

e. Implement and/or enforce an adequate safety management system (SMS);

f. Advise and warn passengers of the need to inspect their passenger cabins for hidden cameras;

g. Utilize a hidden camera detector to search passenger cabins;

h. Make hidden camera detectors available to passengers to search passenger cabins after warning passengers of RCCL prior incident(s) involving sexual assault, including hidden camera;

i. Adequately interview, assess, conduct background checks, obtain peer reviews, investigate, confirm recommendations, and conduct other enhanced vetting of employee crewmembers with direct access to passenger cabins;

j. Promulgate and enforce adequate policies and procedures to interview, assess, conduct background checks, obtain peer reviews, investigate, confirm recommendations, and conduct other enhanced vetting of employee crewmembers with direct access to passenger cabins.

101. The above acts and/or omissions caused and/or contributed to the subject incident because, had RCCL not failed to provide the foregoing, MIRASOL would not have been able to engage in an ongoing scheme to hide cameras in the cabin bathrooms of the passenger cabins for which he served as a stateroom attendant for months, including the Plaintiff's and all others similarly situated cabins on the subject cruises.

102. At all times material hereto, RCCL knew or should have known of the foregoing conditions and conduct resulting in the subject video voyeurism of the Plaintiff and all others similarly situated and did not correct them, or the conditions and conduct existed for a sufficient length of time so that RCCL, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  This knowledge was or should have been acquired through prior incidents of sexual assault and video voyeurism aboard RCCL's cruise ships, which did or should have revealed that further instances of sexual assault, including video voyeurism, was reasonably foreseeable, including, but not limited to, the allegations contained in paragraphs 18-22.  In addition, RCCL was on notice and/or created the dangerous conditions by the lack of warnings and/or supervision and/or security and/or training.

103.     As a direct and proximate result of RCCL's negligence, the Plaintiff was injured about Plaintiff's and all others similarly situated bodies, suffered physical pain, mental anguish, loss of enjoyment of life, post-traumatic stress disorder, and other mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's and all others similarly situated injuries, suffered handicap, lost earnings and lost earning capacity, both past and future. The injuries are permanent and continuing in nature and Plaintiff and all others similarly situated will suffer the losses and impairments in the future.  In addition, the Plaintiff and all others similarly situated lost related costs and damages incident to their cruises.

WHEREFORE, the Plaintiff and all others similarly situated demand judgment for all damages recoverable under the law, including punitive damages, and demand trial by jury.

Dated: October 15, 2024                    Respectfully submitted,

                                           LIPCON, MARGULIES,
                                           & WINKLEMAN, P.A.
                                           *Attorneys for Plaintiff*
                                           2800 Ponce de Leon Boulevard
                                           Suite 1480
                                           Coral Gables, Florida 33134
                                           Telephone: (305) 373-3016
                                           Facsimile: (305) 373-6204

                                    By:    */s/ Jason R. Margulies*
                                           **JASON R. MARGULIES**
                                           Florida Bar No. 57916
                                           jm@lipcon.com
                                           **MICHAEL A. WINKLEMAN**
                                           Florida Bar No. 36719
                                           mwinkleman@lipcon.com

**JACQUELINE GARCELL**
Florida Bar No. 104358
jgarcell@lipcon.com